UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/9/2020_

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

Petitioners,

-against-

INTEGRATED BUSINESS INSTALLATIONS, LLC,

Respondent.

19 Civ. 4690 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation (collectively, the "Funds"), and the New York City District Council of Carpenters (the "Union"), bring this petition under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm the February 1, 2019 arbitration award (the "Award") against Respondent, Integrated Business Installations, LLC. ECF No. 1. Respondent has not appeared in this action. For the reasons stated below, the petition is GRANTED.

## BACKGROUND

  During the relevant time period, Respondent was a contractor that was bound by a collective bargaining agreement to remit contributions to the Funds (the "CBA"). 56.1 Stmt. ¶¶ 5, ECF No. 13; CBA Art. XVI, ECF No. 11-2. The CBA requires Respondent to make contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union. 56.1 Stmt. ¶ 10; CBA Art. XVI § 1. Respondent also executed an agreement with the United Brotherhood of Carpenters and Joiners of America (the "International Agreement"). 56.1 Stmt. ¶ 6; Int'l Agreement, ECF No. 11-1. The International Agreement requires that Respondent pay annuity, pension, or health and welfare contributions for an employee's work in each locality, to such funds, and in such amounts, as are identified in the applicable collective bargaining agreement. 56.1 Stmt. ¶ 7; Int'l Agreement Art. II.

Respondent allegedly failed to make the payments required under the CBA between December 30, 2015, and August 15, 2017. *Id.* ¶ 17.

The Funds initiated arbitration against Respondent for failure to make its required contributions, by serving a notice of intention to arbitrate on Respondent. *Id.* ¶ 18. On February 1, 2019, the arbitrator held a hearing on the matter, and issued the Award. *Id.* ¶ 19; Arbitrator Op., ECF No. 11-5. The arbitrator found that Respondent violated the CBA and ordered that Respondent pay the Funds the sum of $12,445.56, consisting of: (1) the principal deficiency contained in the audit of $3,275.40; (2) interest of $464.67; (3) liquidated damages on the audit deficiency of $655.08; (4) promotional fund contributions of $18.75; (5) audit costs of $3,251.25; (6) non-audit late payment interest of $939.22; (7) additional shortages covering October 27, 2017 through November 7, 2017 of $1,119.84; (8) additional interest on these shortages of $91.38; (9) liquidated damages on the additional shortages of $223.97; (10) promotional fund contributions on these shortages of $6; (11) court costs of $400; (12) attorney's fees of $1,500; and (13) the arbitrator's fee of $500, along with interest accruing at the rate of 7.5% annually starting from the date of the Award. 56.1 Stmt. ¶¶ 23–25, Arbitrator Op. at 1–3.

## DISCUSSION

I.  <u>Legal Standard</u>

Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act ("FAA") provides that any party in an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless it has been vacated, modified, or corrected as prescribed by §§ 10 and 11 of the FAA. 9 U.S.C. § 9; *accord Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040, 2016 WL 6952345, at *2 (S.D.N.Y. Nov. 28, 2016).

> Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits."

*Finkel v. Pomalee Elec. Co., Inc.*, No. 16 Civ. 4200, 2018 WL 1320689, at *6 (E.D.N.Y. Feb. 22, 2018) (alterations in original) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 576 (2008)).

District courts have a "narrowly limited" role when reviewing arbitration awards. *Kobel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). The FAA promotes great deference to arbitrator determinations in order to achieve the goals of settling disputes efficiently and avoiding long and costly litigation. *Id.* Thus, "there is no general requirement that arbitrators explain the reasons for their award, and [] an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J,*

*Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citations omitted).

"[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must consider all evidence in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Defendant has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

II. <u>Analysis</u>

Petitioners are entitled to confirmation of the Award. Petitioners have carried their burden to demonstrate that there is no genuine dispute of material fact with respect to confirmation of the Award. It is undisputed that Respondent failed to make the required contributions to the Funds in accordance with the terms of the CBA, and there is substantial evidence supporting that claim. Arbitrator Op. at 1–3. It is also clear that the CBA authorized Petitioners to pursue arbitration. *See* CBA Art. XVI §§ 11–12.

The Award is not disputed, nor is there any evidence in the record suggesting that the Award is incorrect. Accordingly, the Court confirms the Award. Based on an annual interest rate of 7.5%, the total amount due Petitioners is $13,378.98, the sum of the Award ($12,445.56), plus interest ($933.42).[1]

**CONCLUSION**

For the reasons stated above, the petition to confirm the Award is GRANTED.

The Clerk of Court is directed to enter judgment against Respondent in the amount of **$13,378.98**, terminate the motion at ECF No. 10, and close the case.

SO ORDERED.

Dated: March 9, 2020
New York, New York

ANALISA TORRES
United States District Judge

---

[1] Petitioners do not specify whether they are entitled, under the agreements in this case, to simple or compound interest. Therefore, the Court makes interest calculations using simple interest. *New York City Dist. Council of Carpenters Pension Fund v. Star Intercom & Const., Inc.*, No. 11 Civ. 3015, 2011 WL 5103349, at *5 n.3 (S.D.N.Y. Oct. 27, 2011) (citing *Audiovisual Publishers, Inc. v. Cenco Inc.*, 185 F.3d 93, 97 (2d Cir. 1999)).